## Mary V. PRATT

v.

## Kelley C. PHILBROOK.

### Civil A. No. 95–30143–MAP.

United States District Court,
D. Massachusetts.

May 15, 1996.

Edward W. McIntyre, Clinton, MA, for plaintiff.

Paul G. Pino, Clark, Balboni & Gildea, Brockton, MA, for defendant.

## MEMORANDUM REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION

### (Docket No. 16)

PONSOR, District Judge.

On January 18, 1996 this court issued its Settlement Order of Dismissal of this diversity-based auto tort case. The order stated as follows:

> IT IS HEREBY ORDERED that this action is DISMISSED without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated by the parties.

When no action was taken within sixty days, dismissal of the case became final.

On April 8, 1996, three weeks after final dismissal of the case, counsel for the plaintiff wrote a letter to this court's deputy clerk, stating that settlement "has not been consummated" and asking the court to set the case down "for the earliest possible trial date available." Obviously, the letter completely ignored the explicit mandate of the January 18 Order and seemed to assume, without even taking the form of a motion, that plaintiff retained the right to pursue trial indefinitely.

On April 16, 1996 the court, construing the letter as a motion to vacate the Settlement Order of Dismissal of January 18, denied the motion as "untimely and lacking in any showing of good cause."

Plaintiff's counsel has now moved for reconsideration of this ruling. For the reasons set forth below, and recognizing that this decision will be painful both for counsel and his client, the court has no alternative but to deny the motion. Some background will be helpful in understanding the court's ruling.

This relatively simply auto tort complaint was filed on June 14, 1995 in Hampden County Superior Court. It was thereafter removed to this court on the basis of diversity. Plaintiff's counsel moved immediately upon removal for a speedy trial based upon plaintiff's advanced age.

On September 14, 1995, counsel appeared before this court for a pretrial scheduling

conference. In deference to plaintiff's counsel's desire to move the case along quickly, the court issued a scheduling order on September 15, 1995, ordering that counsel "structure discovery so that information needed to permit an early assessment of this case will be obtained on or before November 30, 1995." Pretrial Scheduling Order (Docket No. 10) at ¶ 3.

The court also ordered counsel to appear before this court on December 5, 1995, along with a representative of the insurance company and counsel for a third individual, who was not a party to this lawsuit but who was also injured in the automobile accident. The purpose of having all these individuals present was to permit vigorous pursuit of possible settlement. The December conference was thereafter continued to January 17, 1996 at 2:30 p.m.

At this conference, all counsel appeared and after some discussion announced unequivocally that the case had settled for the policy limits. Counsel were informed at the conclusion of this conference that a sixty-day Order of Dismissal would issue, that counsel would have this period to obtain releases and tie up the details, and that the case would be permanently dismissed upon the expiration of the sixty-day period. As noted, the Settlement Order of Dismissal issued the next day, January 18, 1996, explicitly states this.

Plaintiff's counsel, in his present Motion for Reconsideration, concedes that he knew *the day after* the settlement conference that unforeseen problems had arisen with the settlement. Nevertheless, he did not inform the court of these difficulties or seek any extension of the dismissal period until three weeks after the sixty-day deadline expired.

Counsel now seeks to avoid the consequences of his tardy effort to resurrect the case, offering two arguments, one explicit and one by implication.

The first reason offered is that, during the sixty-day period, "the parties worked diligently to achieve settlement." When these efforts proved unsuccessful, plaintiff's counsel filed a motion to vacate the settlement order "only as a last resort." Plaintiff's counsel feels it would "elevate form over substance" to allow the dismissal to stand where plaintiff "sought to conserve judicial resources by working diligently to achieve an out of court settlement."

Acknowledging plaintiff's counsel's obvious, sincere distress, the court can only conclude that these high sounding words will not fly. Counsel may not ignore timelines established by the court, any more than he may ignore a statute of limitations, on the ground that settlement negotiations are being pursued. It would have cost nothing, and put no particular burden on anyone, to file a motion to extend, noting the problems counsel was facing. Nevertheless, nothing was done.

The second inferential reason offered by plaintiff's counsel in support of his motion is that special consideration should be given to this plaintiff because she is 89 years old. The fact of plaintiff's age is mentioned in the very first three words of the motion and in the concluding paragraph a second time. It is certainly very important for everyone in our society to have respect for persons of advanced age. In fact, the primary responsibility for protecting the interests of this 89-year-old plaintiff resides with her counsel. The most sincere respect this court can show to this plaintiff is to treat her fairly—that is, like any other litigant.

The plain fact of the matter is that if this court were to allow plaintiff's Motion for Reconsideration, the sixty-day Order of Dismissal would be a nullity. There would be no reasoned way that the court could *ever* deny an untimely motion for reconsideration brought by any other party. No good cause has been offered for plaintiff's counsel's failure in this case to proceed in accordance with the Order's terms. Settlement discussions offer no excuse. Nor were the problems with the settlement something that arose at the last minute, as counsel concedes. Nor can counsel argue that the motion to vacate the order of dismissal (*i.e.*, counsel's letter, construed as such by the court) was delayed by the mail. The unavoidable fact is that plaintiff's counsel, without any articulable excuse, simply ignored the contents of the January 18 Order and now asks for special consideration. Sadly, this cannot be given.

For the foregoing reasons, the Motion for Reconsideration is DENIED.

A separate Order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, plaintiff's Motion for Reconsideration is hereby DENIED.